IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
|     Plaintiff/Respondent, | § | |
| | § | CR. No. C-10-941-1 |
| v. | § | (C.V. No. C-12-132) |
| | § | |
| DOMITILA CAMERON CASTILLO, | § | |
| | § | |
|     Defendant/Movant. | § | |

## MEMORANDUM OPINION AND ORDER

On April 28, 2012, the Clerk received Movant Domilita Cameron Castillo's (Castillo) Petition for Writ of Error *Coram Nobis*. D.E. 40. At the Court's request, the government filed a response and affidavit. D.E 49.

### PROCEDURAL BACKGROUND

Castillo was arrested in September 2010 and later charged with one count of transportation of an unlawful alien in the United States in violation of 8 U.S.C. §§ 1324(a)(1)(A)(ii) and 1324(a)(1)(B)(ii). D.E. 13. She pled guilty to the indictment without a plea agreement. D.E. 49. During rearraignment, the Court advised Castillo that if she pled guilty, she was subject to deportation. D.E. 41 at 7.[1] Castillo testified that she understood. Castillo was sentenced to 10 months, to be followed by two years supervised release, no fine, and a special assessment of $100. D.E. 28. Judgment was entered on the docket on March 2, 2011. Id. Castillo did not appeal. Her conviction became final on March 16, 2011. Clay v. United States, 537 U.S. 522, 525 (2003)

---

[1] 15 THE COURT: Both of you are citizens of Mexico
16 and you are pleading guilty to a felony offense.
17 Therefore, you are subject to being deported. Do each
18 of you understand that?
19 DEFENDANT CASTILLO-CAMERON: Yes, Your Honor.

Id.

1

(judgment becomes final when the applicable period for seeking review of a final conviction has expired); United States v. Gamble, 208 F.3d 536, 536-37 (5th Cir. 2000) (per curiam).

Castillo was released from the BOP on February 1, 2012, and, according to her motion, was taken into custody by the Department of Homeland Security.

## MOVANT'S CLAIMS

Castillo seeks *coram nobis* relief on the grounds that counsel allegedly failed to advise her of the consequences of her guilty plea with respect to her immigration status. D.E. 40. Castillo further claims that counsel did not advise her to consult with immigration counsel until after her sentencing. Id. Her claim is supported by her own affidavit and the affidavits of her adult children. Id. at pp. 11-16.

The government's response states that the Court advised Castillo that she was subject to deportation upon her plea of guilty. Additionally, the government points out that Castillo is still in custody because she is subject to supervised release and not eligible for *coram nobis* relief. D.E. 49. Counsel's affidavit states that he advised Castillo that she was subject to deportation based upon her prior conviction and if she were convicted by her guilty plea or otherwise of the current charge. He states that he began discussing her immigration consequences from the beginning, after the Pretrial Services Report identified Castillo as a permanent resident alien. D.E. 49-1.

## ANALYSIS

**A.  Standard for Writ of Coram Nobis**

"The writ of *coram nobis* is an extraordinary remedy available to a petitioner *no longer in custody who seeks to vacate his criminal conviction*." United States v. Hatten, 167 F.3d 884, 887 n.6 (5th Cir. 1999) (emphasis added). It is available only in circumstances where "the petitioner can demonstrate that he is suffering civil disabilities as a consequence of the criminal conviction [ ] and

that the challenged error is of sufficient magnitude to justify the extraordinary relief." United States v. Castro, 26 F.3d 557, 559 (5th Cir. 1994) (internal citations omitted).

**B.     Castillo is Subject to Supervised Release and is in Custody**

A defendant who is subject to parole or to supervised release is still in custody. See Jones v. Cunnigham, 371 U.S. 236, 240-43 (1963) (paroled prisoner in custody when the terms of his release impose "'significant restraints on petitioner's liberty because of his conviction and sentence"); United States v. Brown, 117 F.3d 471, 475 (11th Cir. 1997) (defendant on supervised release still in custody within the meaning of § 2255 ); Kusay v. United States, 62 F.3d 192, 193 (7th Cir. 1995) (Kusay is serving a term of supervised release, a form of custody); United States v. Essig, 10 F.3d 968, 970 n.3 (3d Cir. 1993) (supervised release satisfies the "in custody" requirement of § 2255). The Fifth Circuit acknowledges that "'custody' signifies incarceration or supervised release, but in general it encompasses most restrictions on liberty resulting from a criminal conviction." Pack v. Yusuff, 218 F.3d 448, 454 n.5 (5th Cir. 2000) (citing Jones v. Cunningham, 371 U.S. 236 (1963)).

Even though she has been released by the BOP, because Castillo is still subject to a two year term of supervised release which began February 1, 2012, she is still in custody and not eligible for relief by writ of *coram nobis*. See Pack, 218 F.3d at 454 n.5; United States v. Sandles, 469 F.3d 508, 517 (6th Cir. 2006) ("A defendant completing his supervised release is in 'custody,' and the writ of *coram nobis* is not available to him."); United States v. Dent, 135 Fed. App'x. 532 (3d Cir., June 17, 2005) (per curiam) (designated unpublished) (defendant on supervised release in custody and not eligible for *coram nobis* relief); United States v. Akkaraju, 97 Fed. App'x. 43, 44-45 (7th Cir., April 19, 2004) (per curiam) (designated unpublished) (*coram nobis* relief not available to defendant serving supervised release); United States v. Smith, 77 Fed. App'x. 180, *1 (4th Cir., Oct. 8, 2003) (per curiam) (designated unpublished) ("Although the district court resolved Smith's claims on the

merits, a writ of error *coram nobis* is available only when the petitioner is not in custody. As Smith is in federal custody by virtue of his supervised release status, he is not entitled to relief under § 1651.") (internal citations omitted); Matus-Leva v. United States, 287 F.3d 758, 761 (9th Cir. 2002) (defendant not eligible for *coram nobis* because still on supervised release and thus in custody).

The remedy, if any, for claims of constitutional violations for a federal prisoner who is in custody is through a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. Such motions are governed by a one year statue of limitation, subject to equitable tolling on rare occasions. Limitations generally runs from the date that a conviction becomes final. In Castillo's case, that date was March 16, 2011.

## CONCLUSION

For the reasons set forth above, Castillo's petition for writ of *coram nobis* (D.E. 40) is **DENIED**.

It is so **ORDERED.**

**SIGNED** on this 6th day of March, 2013.

_____
JOHN D. RAINEY
SENIOR U.S. DISTRICT JUDGE